## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

CHANDRA LYONS,
ADC #704518                                                                              PLAINTIFF

V.                                    1:14CV00124 KGB/JTR

B. WILLIAMS,
McPherson Unit, ADC, et al                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States

District Judge Kristine G. Baker.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection; and (2) be received by the Clerk of this

Court within fourteen (14) days of the entry of this Recommendation. The failure to

timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

# I.  Introduction

Plaintiff, Chandra Lyons, is a prisoner in the McPherson Unit of the Arkansas Department of Correction.  In this *pro se* § 1983 action, she alleges that Defendants violated her constitutional rights. For the following reasons, the Court recommends that the case be dismissed, without prejudice.

# II.  Discussion

In her Complaint, filed on October 6, 2014, Plaintiff asserts that, since 2005, numerous Defendants have failed to provide her with adequate medical care for a variety of unrelated medical conditions. *Doc. 1.* On November 4, 2014, the Court struck the Complaint because it violated Fed. R. Civ. P. 20(a), which prohibits the joinder of factually and legally unrelated claim.  *Doc. 5.*  Plaintiff was given thirty days to file a  Substituted Complaint containing only her factually and legally related medical care claims.  *Id.*  Importantly, Plaintiff was advised that her case would be dismissed, without prejudice, if she failed to timely and properly comply with the Court's Order.  *Id.* (citing Local Rule 5.5(c)(2)). Although she had ample time to do so, Plaintiff did not file a Substituted Complaint.

Instead, she filed three Motions asking the Court to consolidate all of the factually and legally unrelated claims she has raised *in ten different lawsuits. Docs. 6, 7, & 10.*  That request is in clear violation of Fed. Civ. P. 20(a), the Prison

Litigation Reform Act, and the Court's November 4, 2014 Order.  *See Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542  (8th Cir. Oct. 26, 2011) (unpublished opinion) (explaining that a prisoner cannot attempt to defeat the filing fee requirements in 28 U.S.C.§ 1915 by joining unrelated and legally distinct claims in one lawsuit).

Finally, the Court recently discovered that Plaintiff accumulated three strikes, as defined by 28 U.S.C. § 1915(g), *before* she commenced this action on October 6, 2014.  *See Lyons v. McDonald,* 5:96CV00369; *Lyons v. Anderson*, 5:96CV00463; *Lyons v. Thompson*;  5:96CV00547. Thus, Plaintiff cannot proceed *in forma pauperis* unless she raises allegations suggesting that she is currently in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Plaintiff has not done so.

Accordingly, this case should be dismissed due to Plaintiff's failure to comply with the Court's November 4, 2014 Order, and her failure, as a three-striker, to pay the $400 filing fee.[1]

---

[1] If Plaintiff wishes to pursue any constitutional claims in federal court, she must file a *new* Complaint that contains *only* her factually and legally related claims. Unrelated claims must be pursued in *separately filed Complaints.*  If those properly joined claims are currently placing Plaintiff in imminent danger of serious physical injury, she may seek permission to proceed *in forma pauperis*.  However, if they do not, Plaintiff must pay the $400 filing fee in full.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motions to Consolidate *(Docs. 6, 7, & 10)* be DENIED.

2.      Plaintiff's Application to Proceed *In Forma Pauperis (Doc. 3)* be DENIED.

3.      The case be DISMISSED, WITHOUT PREJUDICE.

4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 11ᵗʰ day of March, 2015.


_____
UNITED STATES MAGISTRATE JUDGE